# In the United States Court of Federal Claims
**OFFICE OF SPECIAL MASTERS**
No. 17-547V
Filed: October 31, 2025

```
* * * * * * * * * * * *   *
MITCHELL VALENTINE,       *
                          *
            Petitioner,   *
v.                        *
                          *
SECRETARY OF HEALTH       *
AND HUMAN SERVICES,       *
                          *
            Respondent.   *
* * * * * * * * * * * *   *
```

*Joseph A. Vuckovich, Esq.*, Mctlaw, Washington, D.C., for petitioner.
*Eleanor Hanson, Esq.*, U.S. Department of Justice, Washington, D.C., for respondent.

## DECISION ON ATTORNEYS' FEES AND COSTS[1]

**Roth**, Special Master:

On April 18, 2017, a petition was filed on behalf of Mitchell Valentine[2] ("petitioner")—then a minor—for compensation under the National Vaccine Injury Compensation Program,[3] alleging that he developed transverse myelitis as a result of the influenza ("flu") vaccine he received on August 30, 2015. *See* Petition, ECF No. 1.

On January 13, 2025, a decision issued, dismissing the petition for failure to establish that petitioner is entitled to compensation. ECF No. 109.

---

[1] Because this Decision contains a reasoned explanation for the action taken in this case, it must be made publicly accessible and will be posted on the United States Court of Federal Claims' website, and/or at https://www.govinfo.gov/app/collection/uscourts/national/cofc, in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2018) (Federal Management and Promotion of Electronic Government Services). **This means the Decision will be available to anyone with access to the internet.** In accordance with Vaccine Rule 18(b), Petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, the undersigned finds that the identified material fits within this definition, such material will be redacted from public access.

[2] Mitchell Valentine substituted in place of his father as the named petitioner when he reached the age of 18. ECF Nos. 71-72.

[3] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755. Hereinafter, for ease of citation, all "§" references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2018).

Petitioner filed the present Motion for Attorneys' Fees and Costs on July 29, 2025. Petitioner requests a total of **$206,662.82,** representing $172,726.10 in attorneys' fees and $33,936.72 in costs. Motion for Fees, ECF No. 114. Respondent filed his response the same day, noting he was satisfied that the statutory requirements for an award of attorneys' fees were met. ECF No. 115. Petitioner filed a reply also on July 29, 2025. ECF No. 116.

For the reasons set forth below, petitioner's Motion for Fees is **GRANTED in part**.

## I.     Legal Framework

The Vaccine Act permits an award of reasonable attorneys' fees and other costs. § 15(e)(1). If a petitioner succeeds on the merits of his or her claim, petitioner's counsel is automatically entitled to reasonable attorneys' fees. *Id.*; *see Sebelius v. Cloer*, 133 S. Ct. 1886, 1891 (2013). However, a petitioner need not prevail on entitlement to receive a fee award as long as the petition was brought in "good faith" and there was a "reasonable basis" for the claim to proceed. § 15(e)(1).

The Federal Circuit has endorsed the use of the lodestar approach to determine what constitutes "reasonable attorneys' fees" and "other costs" under the Vaccine Act. *Avera v. Sec'y of Health & Human Servs.*, 515 F.3d 1343, 1349 (Fed. Cir. 2008). Under this approach, "an initial estimate of a reasonable attorneys' fee" is calculated by "multiplying the number of hours reasonably expended on the litigation times a reasonable hourly rate." *Id.* at 1347-48 (quoting *Blum v. Stenson*, 465 U.S. 886, 888 (1984)). That product is then adjusted upward or downward based on other specific findings. *Id*.

Special masters have substantial discretion in awarding fees and may adjust a fee request *sua sponte*, apart from objections raised by respondent and without providing petitioners with notice and opportunity to respond. *Sabella v. Sec'y of Health & Human Servs.*, 86 Fed. Cl. 201, 209 (2009). Special masters need not engage in a line-by-line analysis of petitioner's fee application when reducing fees. *Broekelschen v. Sec'y of Health & Human Servs.*, 102 Fed. Cl. 719, 729 (2011).

## II.     Discussion

### A.  Reasonable Hourly Rates

A "reasonable hourly rate" is defined as the rate "prevailing in the community for similar services by lawyers of reasonably comparable skill, experience and reputation." *Avera*, 515 F.3d at 1348 (quoting *Blum*, 465 U.S. at 896 n.11). In general, this rate is based on "the forum rate for the District of Columbia" rather than "the rate in the geographic area of the practice of petitioner's attorney." *Rodriguez v. Sec'y of Health & Human Servs.*, 632 F.3d 1381, 1384 (Fed. Cir. 2011) (citing *Avera*, 515 F. 3d at 1349). There is a "limited exception" that provides for attorneys' fees to be awarded at local hourly rates when "the bulk of the attorney's work is done outside the forum jurisdiction" and "there is a very significant difference" between the local hourly rate and forum hourly rate. *Id*. This is known as the *Davis County* exception. *Hall v. Sec'y of Health & Human Servs.*, 640 F.3d 1351, 1353 (2011) (citing *Davis Cty. Solid Waste Mgmt. & Energy Recovery Special Serv. Dist. v. EPA*, 169 F.3d 755, 758 (D.C. Cir. 1999)).

For cases in which forum rates apply, *McCulloch* provides the framework for determining the appropriate hourly rate range for attorneys' fees based upon the attorneys' experience. *McCulloch v. Sec'y of Health & Human Servs.*, No. 09-293V, 2015 WL 5634323 (Fed. Cl. Spec. Mstr. Sept. 1, 2015). The Office of Special Masters has accepted the decision in *McCulloch* and has issued a Fee Schedule for subsequent years.[4]

Petitioner requests the following rates on behalf of her counsel:

| Name | 2016 | 2017 | 2018 | 2019 | 2020 | 2021 | 2022 | 2023 | 2024 | 2025 |
|---|---|---|---|---|---|---|---|---|---|---|
| Joseph Vuckovich | $275 | $290 | $300 | $315-320 | $345 | $370 | $385 | $415 | $445 | $490 |
| Altom Maglio | / | / | / | / | $420 | / | / | / | / | / |
| Jennifer Maglio | / | / | / | / | / | / | / | / | / | $572 |
| Diana Stadelnikas | $359 | / | $396 | / | / | / | / | / | / | / |
| Paralegals | $135 | $145 | $148 | $145-154 | $145-160 | $155-165 | $160-170 | $170-180 | $190 | $205 |

Motion for Fees at 9-95.

The requested rates are consistent with what the attorneys and paralegals at mctlaw have been awarded in prior cases. *See, e.g., Noone v. Sec'y of Health & Human Servs.*, No. 22-1772V, 2025 WL 2409898, *3 (Fed. Cl. Spec. Mstr. July 24, 2025); *Ferrari v. Sec'y of Health & Human Servs.*, No. 19-93V, 2024 WL 4503644, at *2 (Fed. Cl. Spec. Mstr. Aug. 22, 2024); *B.T. v. Sec'y of Health & Human Servs.*, No. 21-1213V, 2025 WL 1836291, at *3 (Fed. Cl. Spec. Mstr. June 2, 2025); *Huerta v. Sec'y of Health & Human Servs.*, No. 21-2100V, 2024 WL 1859820, *2-4 (Fed. Cl. Spec. Mstr. Apr. 4, 2024). Accordingly, the requested rates are reasonable.

## C.   Hours Reasonably Expended

Attorneys' fees are awarded for the "number of hours reasonably expended on the litigation." *Avera*, 515 F.3d at 1348. Counsel should not include in their fee requests hours that are "excessive, redundant, or otherwise unnecessary." *Saxton ex rel. Saxton v. Sec'y of Health & Human Servs.*, 3 F.3d 1517, 1521 (Fed. Cir. 1993) (quoting *Hensley v. Eckerhart*, 461 U.S. 424, 434 (1983)). "Unreasonably duplicative or excessive billing" includes "an attorney billing for a single task on multiple occasions, multiple attorneys billing for a single task, attorneys billing excessively for intra office communications, attorneys billing excessive hours, [and] attorneys entering erroneous billing entries." *Raymo v. Sec'y of Health & Human Servs.*, 129 Fed. Cl. 691, 703 (2016). While attorneys may be compensated for non-attorney-level work, the rate must be

---

[4] The 2015-2025 Fee Schedules can be accessed at https://www.uscfc.uscourts.gov/osm-attorneys-forum-hourly-rate-fee-schedules. The hourly rates contained within the schedules are updated from the decision in *McCulloch v. Sec'y of Health & Human Servs.*, No. 09-923V, 2015 WL 5634323 (Fed. Cl. Spec. Mstr. Sept. 1, 2015).

comparable to what would be paid for a paralegal. *O'Neill v. Sec'y of Health & Human Servs.*, No. 08-243V, 2015 WL 2399211, at *9 (Fed. Cl. Spec. Mstr. Apr. 28, 2015). Clerical and secretarial tasks should not be billed at all, regardless of who performs them. *McCulloch*, 2015 WL 5634323, at *26. Hours spent traveling are ordinarily compensated at one-half of the normal hourly attorney rate. *See Scott v. Sec'y of Health & Human Servs.*, No. 08-756V, 2014 WL 2885684, at *3 (Fed. Cl. Spec. Mstr. June 5, 2014) (collecting cases). And "it is inappropriate for counsel to bill time for educating themselves about basic aspects of the Vaccine Program." *Matthews v. Sec'y of Health & Human Servs.*, No 14-1111V, 2016 WL 2853910, at *2 (Fed. Cl. Spec. Mstr. Apr. 18, 2016). Ultimately, it is "well within the Special Master's discretion to reduce the hours to a number that, in [her] experience and judgment, [is] reasonable for the work done." *Saxton*, 3 F.3d at 1522. In exercising that discretion, special masters may reduce the number of hours submitted by a percentage of the amount charged. *See Broekelschen*, 102 Fed. Cl. at 728-29 (affirming the Special Master's reduction of attorney and paralegal hours); *Guy v. Sec'y of Health & Human Servs.*, 38 Fed. Cl. 403, 406 (1997) (same).

Upon review of the billing records, the entries adequately describe the work performed, and the time billed corresponds with that work. I have not found any entries to be objectionable, nor has respondent raised any specific objection. Thus, the hours spent on this matter are reasonable, and the requested fees are awarded in full. Motion for Fees at 9-95.

**D.     Reasonable Costs**

Petitioner requests a total of $33,936.72 in costs. Some of the costs are associated with medical records requests, medical literature, copies, postage, travel expenses for client visits, and the filing fee. Motion for Fees at 96-242. These costs are routinely awarded in vaccine cases and are supported by the receipts filed. Thus, they are awarded in full.

The remaining costs are associated with petitioner's experts. Petitioner requested a total of $9,625.00 on behalf of his expert Dr. Rubenstein. Motion for Fees at 97-98, 144-45, 162-67, 185-88. Dr. Rubenstein charged at an hourly rate of $575 or $600. *Id.* at 162. Consistent with a prior award of costs associated with Dr. Rubenstein, I will grant reimbursement of Dr. Rubenstein's fees in the amount requested without making a determination at this time as to the reasonableness of the hourly rate.[5] *See Ison v. Sec'y of Health & Human Servs.*, No. 19-1918V, 2025 WL 1638498, at *5 (Fed. Cl. Spec. Mstr. May 15, 2025). He documented his time spent on this matter well, and the overall amount requested on his behalf is reasonable.

On behalf of Dr. Shah, petitioner requested a total of $19,350.00, charging at an hourly rate of $450 for 43 hours of work on this matter. Motion for Fees at 97-98, 168, 174-75, 183-84. While

---

[5] Although well-qualified, Dr. Rubenstein's requested hourly rate is higher than what is typically awarded in the Vaccine Program. Higher rates are generally reserved for those with highly technical expertise or experience testifying in vaccine cases. *See Ison v. Sec'y of Health & Human Servs.*, No. 19-1918V, 2025 WL 1638498, at *5 note 6 (Fed. Cl. Spec. Mstr. May 15, 2025). It is worth noting that petitioner made compelling arguments in favor of Dr. Rubenstein's requested rates in the Motion for Fees, which went largely unaddressed by respondent in his Response who opted instead to file his typical response to fees motions, stating generally that higher expert rates should be closely scrutinized. *See* Motion for Fees at 223-42; *see generally* Response.

the requested rate is reasonable, 43 hours of work seems unusually high, particularly considering Dr. Shah filed only two expert reports totaling ten pages. Pet. Ex. 31; Pet. Ex. 51. In contrast, Dr. Rubenstein, whose total fee request was roughly half of Dr. Shah's, submitted four expert reports totaling twenty pages. Pet. Ex. 14; Pet. Ex. 27; Pet. Ex. 30; Pet. Ex. 47. Further, Dr. Shah's invoices contain block billing, which is inadequate because it does not allow for review of the reasonableness of the time spent on any given task. Motion for Fees at 174-75 (billing for 19 hours from "5/16-5/30/21" for "Preparation of Expert opinion draft, research of literature, construction of draft opinion, revision and edit of draft"). For these reasons, I find a 10% reduction to the overall amount requested on behalf of Dr. Shah is appropriate. This results in a reduction of **$1,935.00**.

The remaining costs are awarded without further reduction.

### IV. Conclusion

Based on the foregoing, petitioner's Motion for Attorneys' Fees and Costs is **GRANTED in part.** Accordingly, I award a total of **$204,727.82,** representing $172,726.10 in attorneys' fees and $32,001.72 in costs, **to be paid through an ACH deposit to petitioner's counsel Mr. Vuckovich's IOLTA account for prompt disbursement.** The clerk shall enter judgment accordingly.[6]

**IT IS SO ORDERED.**

**s/ Mindy Michaels Roth**
Mindy Michaels Roth
Special Master

---

[6] Pursuant to Vaccine Rule 11(a), entry of judgment can be expedited by each party filing a notice renouncing the right to seek review.